UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>STOCKTON POLICE DEPARTMENT, ET AL.,<br><br>    Defendants. | No.  2:13-cv-2251-TLN-AC<br><br><br>ORDER |

On September 3, 2014, the court issued an order to show cause requiring defendants the Stockton Police Department, J. Hughes, Bruce Morris, John McLaughlin, and Thomas Heslin to reimburse the United States Marshals Service ("USM") for personal service of process under Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless they filed written statements showing good cause for their failure to waive service . ECF No. 22.  On October 2, 2014, the court re-issued its order to show cause, which the undersigned had mistakenly failed to direct the Clerk of the Court to serve upon defendants.  ECF No. 24.  On October 21, 2014, defendants the Stockton Police Department, J. Hughes, Bruce Morris, and Thomas Heslin ("City Defendants") filed their response to the court's order, arguing that they failed to waive service for good cause because the entire action was stayed when the City of Stockton filed for bankruptcy.  ECF No. 27.

////

A.     <u>The City of Stockton</u>

The filing of bankruptcy by a defendant operates as a stay of all judicial proceedings against it "that [were] or could have been commenced before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a); <u>O'Laughlin v. County of Orange</u>, 229 F.3d 871, 874 (9th Cir. 2000). The City of Stockton filed for bankruptcy on June 28, 2012. ECF No. 27. Any case against the City of Stockton and its subdivisions (such as the Police Department) that was commenced or could have been commenced was automatically stayed at that time. Plaintiff's first amended complaint ("FAC") alleges that the facts giving rise to her cause of action occurred on or around February 21, 2011. ECF No. 3. Accordingly, this action is stayed as to the Stockton Police Department.

Nevertheless, the fact that the instant action is subject to an automatic stay does not constitute good cause for the Department's failure to waive service. Federal Rule of Civil Procedure 4(d)(1) imposes a duty on defendants "to avoid unnecessary expenses of serving the summons." Rule 4(d)(2) requires that the court tax costs of service of process on any defendant who fails to show good cause for failing to sign and return a timely waiver of service. Fed. R. Civ. P. 4(d)(2). The advisory committee notes provide two examples of good cause: defendant's failure to receive the request, and defendant's inability to understand the notice due to illiteracy in English. Fed. R. Civ. P. 4(d) Advisory Committee's Note (1993 Amendments). Both of these examples amount to a lack of actual notice of the duty to avoid the expense of service. The pendency of bankruptcy proceedings does not amount to a lack of notice. Defendants were fully aware that a complaint had been filed, that service had been ordered, and that failure to return the waivers would impose costs on the USM that would then be taxable against them.

Defendant's assertion of the bankruptcy stay amounts to a claim that the action against it is improper and cannot proceed. The Advisory Committee Notes to the 1993 Amendments enacting Rule 4(d) specify that "it is not a good cause for failure to waive service that the claim is unjust." Fed. R. Civ. P. 4(d) Advisory Committee's Note (1993 Amendments); <u>accord</u> <u>Double "S" Truck Line, Inc. v. Frozen Food Express</u>, 171 F.R.D. 251, 253 (D. Minn. 1997) ("the commentary to Rule 4(d) makes abundantly clear that a defendant's duty to avoid unnecessary

costs of service is not related to the merits of the underlying case"); Estrella v. P.R. Painting Corp., No. CV06–0717(ADS)(AKT), 2006 WL 3359485, at * 2 (E.D.N.Y. Nov. 20, 2006) ("A belief as to the merits of the underlying action however, such as whether the complaint is unjust or unfounded, is not 'good cause' sufficient to excuse failure to execute a waiver request."); see also Fed. R. Civ. P. 4(d) Advisory Committee's Note (1993 Amendments) (a finding of "sufficient cause should be rare").

The fact that the Department may invoke the automatic stay to protect itself from litigation does not excuse the failure to waive service, and consequent imposition of expenses on the USM. The proper course would have been to waive service, thus avoiding the costs of personal service, and promptly file a notice of automatic stay. Defendants did not file a notice of the stay in this case until October 8, 2010, almost two months after accepting service. See ECF Nos. 18, 25. Accordingly, the court concludes that good cause has not been shown.

The automatic stay does not preclude the court from ordering the Stockton Police Department to pay the costs of service. Section 362(a) automatically stays all judicial proceedings "that [were] or could have been commenced before the commencement of the [bankruptcy] case." O'Laughlin, 229 F.3d at 874. "[D]ebts coming into existence after the filing of a petition in bankruptcy are not affected by discharge; hence, they cannot justify a stay of proceedings against the bankrupt." In re Grynberg, 143 B.R. 574, 576 (D. Col. 1990); see also Garrett v. Cook, 652 F.3d 1249, 1255 (10th Cir. 2011). The costs of service at issue here are entirely due to the voluntary, post-petition actions of the Stockton Police Department. Accordingly, the court's order that the Stockton Police Department reimburse the USM is not subject to the post-petition stay under § 362.

B.     Individual Defendants

The City Defendants also seem to argue that defendants J. Hughes, Bruce Morris, and Thomas Heslin had good cause not to waive service because this action is stayed as to them as well.[1] The complaint specifies that the individual defendants are sued in both their official and

---

[1] The City Defendants state that no individual named John McLaughlin has ever worked for the Stockton Police Department. ECF No. 27 at 2. To the extent that the City Defendants are

3

1 personal capacities.  Although California cities must defend and indemnify their employees in
2 civil cases arising out of actions in the scope of their employment pursuant to Cal. Gov't Code §
3 995, the Ninth Circuit nonetheless distinguishes claims against public officials in their individual
4 capacities from claims against the employing public entity.  Demery v. Kupperman, 735 F.2d
5 1139, 1145–48 (9th Cir. 1984).  Moreover, awards of damages against an official in his personal
6 capacity can be executed only against the official's personal assets.  Kentcuky v. Graham, 473
7 U.S. 159, 165-66 (1985).  Accordingly, it is far from clear that the bankruptcy stay applies to
8 claims against the individual defendants.  See V.W. v. City of Vallejo, Case No. 12-cv-1629 LKK
9 GGH (E.D. Cal.), ECF No. 24 (Order filed Aug. 2, 2013); Wilson v. City of Vallejo, 2:12-cv-
10 00547-JAM CKD (E.D. Cal.), ECF No. 30 (Order filed Sept. 5, 2013).

11      The court need not resolve that question at this juncture.  It is enough that the assertion of
12 the bankruptcy stay by the individual defendants goes to the question whether the action against
13 them is proper or may be pursued at this time.  That an action is not properly brought does not
14 constitute good cause for the failure to waive service.  The individual defendants could easily
15 have avoided the costs of service by returning the waiver forms.  Because the costs of service
16 were incurred after the filing of bankruptcy, the stay does not prevent this court from ordering
17 reimbursement even if the stay applies to the individual defendants.

18      For the foregoing reasons, the court finds that defendants J. Hughes, Bruce Morris, John
19 McLaughlin, and Thomas Heslin have failed to state good cause for failing to waive service.

20 C.     Amount To Be Reimbursed to U.S. Marshals Service

21      The USM requests reimbursement of the costs annotated on the USM-285 forms.  The
22 returns of service reflect an individual service charge of $65.00 per defendant, plus a single
23 mileage fee of $56.00 that is recorded on the return of service for John McLaughlin.[2]  Because the
24 Stockton Police Department accepted service on behalf of all defendants, and the mileage was a

---

arguing that the fees as to John McLaughlin should be waived, the court finds that that good cause is lacking.  The Police Department accepted service on behalf of this defendant on August 14, 2014.  ECF No. 18.

[2] The McLaughlin return indicates that the $65.00 service fee was imposed twice.  It will be taxed once.

4

cost common to all defendants, that charge will be taxed to the Department.  Accordingly, the court taxes the costs of service as follows:  $121.00 for service on the Stockton Police Department and $65.00 each for service on the individual defendants,[3] for a total sum of $381.00.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The October 2, 2014, order to show cause, ECF No. 24, is discharged; and

2. Within 14 days from the date of service of this order, defendants the Stockton Police Department, J. Hughes, Bruce Morris, John McLaughlin, and Thomas Heslin shall pay to the United States Marshal the total sum of $381.00 for effecting personal service on defendants.

3. The Clerk of the Court shall serve a copy of this order on the United States Marshals Service.

DATED: October 27, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] Having accepted service on behalf of John McLaughlin, the Department is obligated to pay those costs.