UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WILLIAMS, | No. 2:13-cv-02251-TLN-AC |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| STOCKTON POLICE DEPARTMENT, et al., | |
| Defendants. | |

On February 11, 2015, the court held a hearing on Defendants Bruce Morris, J. Hughes, and Thomas Heslin's ("Individual Defendants") motion to dismiss. Plaintiff Joyce Williams appeared in pro per and Neal Lutterman appeared on behalf of the Individual Defendants. On review of the motions, the documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

FACTUAL AND PROCEDURAL BACKGROUND

On February 21, 2011, plaintiff's son, Roosevelt Toney, borrowed plaintiff's car to visit his partner, Rosie Caronilla. ECF No. 1 at 3–4. While Toney was visiting Caronilla the two got into an argument that apparently resulted in a neighbor calling the police. Id. at 3. Shortly thereafter, Defendants Officers Morris and Heslin arrived. Id. After arriving, Officer Morris

1  asked Caronilla why she was "with a black man." Id. at 4.  At some point during Officer Heslin's
2  conversation with Toney, he discovered that Toney had a suspended driver's license. Id.  When
3  plaintiff showed up a few minutes later, the officers threatened to have her car towed. Id.
4  Although plaintiff showed the officers documents proving she was the insured owner of the
5  vehicle, the officers insisted upon towing it. Id.  Defendant GK7, Inc. showed up soon thereafter
6  to tow the car. Id.

7       The next day plaintiff went to the Stockton Police Station to ask how to go about
8  retrieving her car. Id.  Plaintiff apparently asked Defendant Officer Hughes, who "barked" at her
9  that she could "get [her] car back when [she] [paid] off [her] son's [sic] fines." Id.  Plaintiff
10 eventually collected the funds necessary to pay off the fines. Id.  However, when she tried to pay
11 the fines, she was told that she would have to wait another thirty (30) days to actually retrieve her
12 car. Id.  On March 14, 2011, plaintiff filed a Claim for Damages with the City of Stockton
13 ("CTCA Claim") alleging that the Individual Defendants and Technique Towing Company
14 conspired to wrongfully impound her car on February 21, 2011.  ECF No. 30 at Ex. 1.  That claim
15 was dismissed by the City of Stockton on May 3, 2011. Id. at Ex. 2.

16      On May 18, 2011, plaintiff filed a complaint in another case, Joyce Williams v. Technique
17 Towing/Advanced Automotive/GB7 et al., Case No. 2:11-cv-01346-GEB-GGH (E.D. Cal. May
18 18, 2011) ("Technique Towing").  TECF No. 1.[1]  That complaint was then superseded by an
19 amended complaint filed on June 6, 2011.  TECF No. 3.  Plaintiff's Technique Towing complaint
20 includes a claim for "violation of due process" against "Technique Towing/Advanced
21 Automative/GB7," Samuel Gramajo, Mary Gramajo, "Towtruck Driver Jose," and "Noe" based
22 on their towing of her vehicle on February 21, 2011.  TECF No. 3 at 3.  Magistrate Judge
23 Hollows interpreted plaintiff's complaint as asserting § 1983 claims based on her allegations that
24 the defendants violated her due process rights.  TECF No. 4 at 3.  On July 12, 2011, Judge
25 Hollows denied plaintiff's request to proceed in forma pauperis and dismissed her complaint for
26 failure to state a claim. Id. at 7.  Plaintiff neglected to file an amended complaint and on January

---

[1] References to docket entries in Technique Towing will be denoted "TECF" to differentiate them from docket entries in the case at bar.

2

1  26, 2012, Judge Hollows recommended that plaintiff's complaint be dismissed with prejudice.
2  TECF No. 5.  Judge Hollow's recommendation was adopted by Judge Burrell in full on February
3  23, 2012.  TECF No. 6.

4       Plaintiff filed her original complaint in this matter on October 29, 2013, asserting claims
5  for violation of 42 U.S.C. § 1983 and conversion against Defendants Stockton Police Department,
6  the Individual Defendants, GK7, Inc., Samual Gramajo, & Donata Gramajo.  ECF No. 1 at 1–3.
7  Plaintiff also filed a motion to proceed in forma pauperis on the same day.  ECF No. 2.  On
8  January 10, 2014, plaintiff filed a first amended complaint, which attached a letter from Caronilla
9  regarding her interaction with Officers Morris and Heslin.  ECF No. 3.  On March 5, 2014, the
10 court granted plaintiff's application to proceed in forma pauperis.  ECF No. 4.

11      On December 3, 2014, the Individual Defendants filed the instant motion to dismiss and
12 request for judicial notice, arguing that plaintiff's complaint fails to state a claim because (1) her
13 § 1983 claims are time barred; (2) her claims for conversion are time-barred by the California
14 Tort Claims Act (CTCA) because she did not file them within six months of the mailing of her
15 rejection letter; (3) she has failed to allege facts showing compliance with the CTCA; and (4) her
16 complaint varies substantially from her CTCA Claim.[2]  ECF No. 30 at 1–2.  On December 31,
17 2014, plaintiff filed an opposition arguing that (1) the Individual Defendants' statute of

---

[2] The Individual Defendants seek judicial notice of (1) plaintiff's claim against the City of Stockton, filed on March 14, 2011; (2) the City of Stockton's subsequent notice dismissing plaintiff's claim, dated May 3, 2011; (3) plaintiff's original complaint in this matter; and (4) plaintiff's first amended complaint in this matter.  ECF No. 30-2 at 3.  In general, a court may not consider items outside the pleadings when deciding a motion to dismiss, but may consider items of which it can take judicial notice.  Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).  A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  Judicial notice may properly be taken of matters of public record outside the pleadings.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  Because both plaintiffs' claim against the City of Stockton and the city's subsequent notice dismissing her claim are public records the court will take judicial notice of the two documents.  However, it is unnecessary to take judicial notice of documents already in the record.  See Aguirre v. Home Depot U.S.A., Inc., No. 1:10–cv–00311–LJO–GSA, 2012 WL 3639074, at *7 (E.D. Cal. Aug. 23, 2012) (citing Lew v. U.S. Bank Nat. Ass'n, No. C 11–4546 RS, 2012 WL 1029227, at *1 n.1 (N.D. Cal. Mar. 26, 2012)).  Accordingly, the court will deny the Individual Defendants' request as to plaintiff's original and amended complaints.

1  limitations argument cannot be brought in a Rule 12(b)(6) motion; and (2) the filing of her claim
2  in Technique Towing satisfies § 1983's statute of limitation.  ECF No. 35.  The Individual
3  Defendants filed a reply on February 4, 2015, arguing that (1) plaintiff's filing her complaint in
4  Technique Towing does not affect the statute of limitations for her § 1983 claim; and (2) by
5  failing to respond to their CTCA arguments, plaintiff has effectively conceded that her state
6  claims should be dismissed.

LEGAL STANDARDS

I. Motions to Dismiss

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court may consider facts established by exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept legal conclusions "cast in the form of factual allegations."  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

////

4

1   If a Rule 12(b)(6) motion is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). That is, leave to amend need not be granted where amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

II.   In Forma Pauperis

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

DISCUSSION

I.   Plaintiff's § 1983 Claims against the City of Stockton and the Individual Defendants

Plaintiff's § 1983 claims against the City of Stockton and the Individual Defendants should be dismissed without leave to amend because they are barred by the statute of limitations.

////

1    Because § 1983 contains no specific statute of limitations, federal courts borrow state
2 statutes of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387 (2007).
3 In California the applicable statute is two years, effective January 1, 2003. Cal. Civ. Proc. Code §
4 335.1; see also Canatella v. Van De Kamp, 486 F.3d 1128, 1132–33 (9th Cir. 2007); Jones v.
5 Blanas, 393 F.3d 918, 927 (9th Cir. 2004). "Federal courts also apply a forum state's law
6 regarding tolling, including equitable tolling when not inconsistent with federal law." Fink v.
7 Shedler, 192 F.3d 911, 914 (9th Cir. 1999), as amended on denial of reh'g and reh'g en banc (Dec.
8 13, 1999). However, "[w]hile state law determines the period of limitations, federal law
9 determines when a cause of action accrues." Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981).
10 A cause of action accrues under federal law when the plaintiff knows or should have known of
11 the injury. Canatella, 486 F.3d at 1133.

12    Under California law, § 1983 claims are subject to equitable tolling under "limited
13 circumstances to prevent unjust technical forfeiture." See, e.g., Prettyman v. City of San Diego
14 Police Dep't, No. 11-CV-00195-MMA RBB, 2012 WL 959472, at *4 (S.D. Cal. Mar. 21, 2012)
15 (citation omitted). This doctrine "reliev[es] plaintiff from the bar of a limitations statute when,
16 possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen
17 the extent of his injuries or damage." Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir.
18 1993).

19    
20    In determining whether a plaintiff is entitled to equitable tolling
    under California law, courts apply a three-pronged test. The three
21    elements of the test are: (1) timely notice to the defendant in filing
    the first claim; (2) lack of prejudice to the defendant in gathering
22    evidence to defend against the second claim; and (3) good faith and
    reasonable conduct by the plaintiff in filing the second claim.

23 Lucchesi v. Bar–O Boys Ranch, 353 F.3d 691, 694–95 (9th Cir. 2003) (citing Collier v. City of
24 Pasadena, 142 Cal. App. 3d 917, 924 (1983)). However, "[i]f a plaintiff's first claim and second
25 claim concern different wrongs . . . equitable tolling is not available and the three-pronged test is
26 not applied." Id. at 695. Claims that are separate and distinct claims can nonetheless concern the
27 same wrongs if they are based on the same facts and allege the same wrongful conduct. See id.
28 (holding that the plaintiff's CTCA and federal matters concerned the same wrong because they

6

1  both alleged the defendants failed to provide the plaintiff with adequate medical care despite
2  knowing he suffered from a serious medical condition).  Accordingly, pursuit of a CTCA claim
3  tolls the statute of limitations for § 1983 claims that are based on the same wrong, for as long as
4  the CTCA claim is pending.  Id. at 696.

5  The events that form the basis of plaintiff's complaint took place on February 21, 2011.
6  ECF No. 3 at 3.  Plaintiff began litigating this case more than two years later on October 29,
7  2013, with the filing of her original complaint.  ECF No. 1.  Accordingly, plaintiff's § 1983
8  claims are barred unless she is entitled to equitable tolling of the limitations period.[3]

9  Plaintiff's CTCA Claim alleges that the Individual Defendants unlawfully impounded her
10 car on February 21, 2011.  ECF No. 30 at Ex. 1.  These allegations also form the basis of
11 plaintiff's § 1983 claims in this matter.  Accordingly, the court finds that plaintiff's § 1983 claims
12 are based on the same wrong as her CTCA Claim.  However, tolling applies only to the period
13 during which the CTCA Claim was pending.  Lucchesi, 353 F.3d at 696.  Plaintiff filed her
14 CTCA claim less than a month after the Individual Defendants towed her vehicle on March 14,
15 2011.  ECF No. 30 at Ex. 1.  That claim was thereafter dismissed by the City of Stockton on May
16 3, 2011, more than twenty-nine (29) months before she filed her original claim in this matter.  Id.
17 at Ex. 2; ECF No. 1.  Accordingly, plaintiff's §1983 claims are barred by California's two-year
18 statute of limitations even with the benefit of equitable tolling.

19 Accordingly, the court must grant the Individual Defendants' motion to dismiss plaintiff's
20 § 1983 claims as untimely.  The § 1983 claims against the City of Stockton should be dismissed
21 on statute of limitations grounds pursuant to the in forma pauperis statute, 28 U.S.C. § 1915,
22 which requires the court to sua sponte dismiss causes of action that do not state a claim on which
23 relief may be granted.
24 ////
25

---

[3] Plaintiff does not expressly argue that she is entitled to equitable tolling, however she does argue that her claims are timely based on the filing of her complaint in Technique Towing on May 18, 2011. ECF No. 34 at 2.  The filing of a previous complaint in this court against different defendants does not somehow satisfy or toll the statute of limitations as to plaintiff's § 1983 claims in this matter.

II.  Plaintiff's § 1983 Claims against Defendants GK7, Inc., Samual Gramajo, and Donata Gramajo ("Towing Defendants")

Plaintiff's claims against the Towing Defendants must also be dismissed without leave to amend, pursuant to 28 U.S.C. § 1915, because they are barred by the doctrine of claim preclusion.

The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Taylor v. Sturgell, 553 U.S. 880, 892 (2008). Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748 (2001).  Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. Id. at 748–49.  By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153–54 (1979).

Claim preclusion is appropriate where: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001); Siegel v. Federal Home Loan Mortgage Corp., 143 F.3d 525, 528–29 (9th Cir. 1998). In order to show privity between a non-party and a party to former litigation, the nonparty's interests and rights must have been represented and protected in the prior action. Pedrina v. Chun, 97 F.3d 1296, 1301–02 (9th Cir. 1996).  Generally, "privity exists between a non-party and a party if the latter is so closely bound with the former as to be its 'virtual representative.'" Id. (quoting United States v. ITT Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir. 1980)).

First, other than Defendant Donata Gramajo, all of the Towing Defendants were also named in plaintiff's Technique Towing complaint. TECF No. 1. Further, both Donata Gramajo

and Samual Gramajo are co-owners of GK7, Inc. (dba Technique Towing, Inc.), another defendant in Technique Towing. Id.; ECF No. 3 at 3. Accordingly, the court finds that GK7, Inc. and its employees were in privity with Donata Gramajo as her virtual representative in the Technique Towing matter. Second, the judgment in Technique Towing was rendered by this court, which is a court of competent jurisdiction. Third, the judgment in Technique Towing was a final judgment on the merits, as it dismissed plaintiff's claims with prejudice. TECF No. 6; see also Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) (noting that dismissals with prejudice are generally final judgments on the merits for the purposes of claim preclusion). And finally, plaintiff asserted the same § 1983 violations based on the alleged wrongful towing of her car in both this matter and Technique Towing. ECF No. 3 (alleging that the Towing Defendants, as agents of the Stockton City Police Department, wrongfully confiscated her vehicle); TECF No. 3 at 2 (alleging that the defendants seized her vehicle without "valid warrant of seizure" even though she had broken no laws). Accordingly, plaintiff's § 1983 claims against the Towing Defendants should be dismissed with prejudice as they are barred by claim preclusion.

III.     Plaintiff's State Law Claims

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims. See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted). Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. See Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).

////

In accordance with 28 U.S.C. § 1367(c), the undersigned recommends that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims.[4]

## CONCLUSION

In accordance with the foregoing, THE COURT HEREBY ORDERS that the Individual Defendants' request for judicial notice, ECF No. 30, is GRANTED.

IT IS FURTHER RECOMMENDED that:

1. The Individual Defendants' motion to dismiss, ECF No. 30, be GRANTED and all claims against the moving defendants be dismissed with prejudice; and

2. The court dismiss plaintiff's § 1983 and state law claims against the remaining defendants sua sponte, with prejudice, pursuant to 28 U.S.C. § 1915.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 20, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[4] In light of the recommended dismissal of plaintiff's state law claims based on § 1367(c), the court declines to consider the Individual Defendants' argument that plaintiff's conversion claims are barred by the CTCA.